IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | | |
|---|---|---|
| MICHAEL WAYNE BINGHAM, | ) | Cause No. CV 11-22-BU-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| PEOPLE OF THE STATE OF MONTANA; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) ) ) ) | |
| | ) | |
| Respondent. | ) | |

_____

On May 16, 2011, Petitioner Michael Bingham moved to proceed in forma pauperis with this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Bingham is a state prisoner proceeding pro se.

Bingham's motion to proceed in forma pauperis is neither properly notarized nor accompanied by a statement of his prison trust account covering a six-month period. However, there is no need to delay resolution of this matter on that basis.

Bingham complains of a conviction he incurred in Montana's Eighteenth Judicial District Court, Gallatin County, in 1994. Pet. (doc. 1) at 2 ¶¶ 1-2. His

sentences have expired. Order at 1 para. 2, State v. Bingham, No. DA 10-0583 (Mont. Apr. 12, 2011). As a result, though he is currently held in custody in Colorado, Pet. at 1, he is not in custody "by reason of" the conviction he now seeks to challenge, Spencer v. Kemna, 523 U.S. 1, 7 (1998).

"[O]nce the sentence imposed for a conviction has completely expired," the mere continued existence of a conviction is not enough to show the petitioner is "'in custody' for the purposes of a habeas attack." Maleng v. Cook, 490 U.S. 488, 492 (1989) (per curiam). In extraordinary circumstances, exceptions may apply, Resendiz v. Kovensky, 416 F.3d 952, 959-60 (9th Cir. 2005), but these exceptions are not applicable here. Bingham was represented by counsel, Order at 1 para. 1, Bingham, No. DA 10-0583, and the usual procedures of appeal and collateral attack were available to him to present the frivolous grounds he now alleges, e.g., Mont. Code Ann. §§ 46-20-101(2), -21-102(1)(a) (1993). The petition should be dismissed for lack of subject-matter jurisdiction. 28 U.S.C. § 2254(a).

A certificate of appealability is not warranted. Bingham's petition has no merit at all and so makes no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, under the rule of Maleng v. Cook, there is no doubt that he is no longer "in custody." Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). There is no

reason to encourage further proceedings. Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).

Based on the foregoing, the Court enters the following:

**ORDER**

Bingham's motion to proceed in forma pauperis (doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

1. The Petition (doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED as the petition is frivolous.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendation to

which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Bingham must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 18th day of May, 2011.

/s/ *Carolyn S. Ostby*
United States Magistrate Judge