IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| MICHAEL WAYNE BINGHAM,<br><br>Petitioner,<br><br>vs.<br><br>PEOPLE OF THE STATE OF MONTANA; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondent. | CV-11-22-BU-RFC<br><br><br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

On May 18, 2011, United States Magistrate Judge Carolyn Ostby entered Findings and Recommendation. Magistrate Judge Ostby recommends this Court dismiss the petition for lack of jurisdiction.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Petitioner has filed objections. *Doc. 5.* Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is

1

made. 28 U.S.C. § 636(b)(1). For the following reasons, Bingham's objections are overruled.

Bingham complains of a conviction he incurred in Montana's Eighteenth Judicial District Court, Gallatin County, in 1994. Pet. (doc. 1) at 2 ¶¶ 1-2. His sentences have expired. Order at 1 para. 2, *State v. Bingham*, No. DA 10-0583 (Mont. Apr. 12, 2011). As a result, though he is currently held in custody in Colorado, Pet. at 1, he is not in custody "by reason of" the conviction he now seeks to challenge, *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

"[O]nce the sentence imposed for a conviction has completely expired," the mere continued existence of a conviction is not enough to show the petitioner is "'in custody' for the purposes of a habeas attack." *Maleng v. Cook*, 490 U.S. 488, 492 (1989) (per curiam). In extraordinary circumstances, exceptions may apply, *Resendiz v. Kovensky*, 416 F.3d 952, 959-60 (9th Cir. 2005), but these exceptions are not applicable here. Bingham was represented by counsel, Order at 1 para. 1, *Bingham*, No. DA 10-0583, and the usual procedures of appeal and collateral attack were available to him to present the frivolous grounds he now alleges, *e.g.*, Mont. Code Ann. §§ 46-20-101(2), -21-102(1)(a) (1993). The petition should be dismissed for lack of subject-matter jurisdiction. 28 U.S.C. § 2254(a).

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

A certificate of appealability is not warranted. Bingham's petition has no merit at all and so makes no "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In addition, under the rule of *Maleng v. Cook*, there is no doubt that he is no longer "in custody." *Lambright v. Stewart*, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). There is no reason to encourage further proceedings. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).

Accordingly, **IT IS HEREBY ORDERED** that the Petition is **DISMISSED** for lack of jurisdiction. The Clerk of Court is directed to enter by separate document a judgment of dismissal. A certificate of appealability is denied as the petition is frivolous.

The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this 21st day of June, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE